UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD ERLING KELLY | * | CIVIL ACTION |
| VERSUS | * | NO. 20-1677 |
| MARLIN N. GUSMAN ET AL | * | SECTION "F"(2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Richard Erling Kelly filed the captioned lawsuit *pro se* against Defendants Marlin N. Gusman (Orleans Parish Criminal Sheriff), Detective Raymond Hughes (retired, New Orleans Police Department Sex Offender Registry Officer), Michael D. Edmonson (Superintendent of Louisiana State Police), and Andrew Pratt (Case Agent, Louisiana State Police) pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff sought to proceed in forma pauperis.  ECF No. 2.

In his complaint, Plaintiff alleges violation of various constitutional rights and of Louisiana sex offender laws in connection with an arrest in Tennessee that occurred when he attempted to relocate to Tennessee and to register as a sex offender in Tennessee. ECF No. 1, at 3, 7-10.  Plaintiff seeks monetary damages and injunctive and declaratory relief.  *Id.* at 5.

By Deficiency Notice dated June 11, 2020, the Clerk of this Court advised Plaintiff that his complaint and pauper application were deficient for failure to use an approved form.  ECF No. 3, at 2.  Plaintiff's deadline to correct these deficiencies was July 2, 2020.  When Plaintiff did not comply with the Deficiency Notice by that deadline, I issued an Order on July 17, 2020, advising Plaintiff that if he did not remedy his deficiencies by July 31, 2020, then I would issue a Findings and Recommendation to the District Judge to dismiss this matter pursuant to FED. R. CIV. P. 41(b) for failure to prosecute and/or comply with the orders of this Court.  ECF No. 5.  Plaintiff failed to remedy his deficiencies by that deadline.

A review of the record indicates that the Clerk's Deficiency Notice was returned to the Court as undeliverable. ECF No. 4. My July 17, 2020 Order and another copy of the Clerk's Deficiency Notice, which were mailed to Plaintiff at the address he provided as well as the email address reflected on Plaintiff's complaint (lookoutparalegal@yahoo.com), have not been returned to the Court as undeliverable.

To date, Plaintiff has not filed a Notice of Change of Address in this record of this matter. All litigants are obligated to keep the court advised of any address change, and Plaintiff agreed to do so when filing his Complaint in this matter. ECF No. 1, ¶ VI(2), at 7; Local Rules 11.1; 41.3.1. Indeed, Plaintiff's Complaint instituting this action contains the following declaration, which was signed and dated by Plaintiff on May 28, 2020: "I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case." ECF No. 1, Section VI(A), at 6.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[1] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2] Because the plaintiff in this case is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and

---

[1] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986).

substantive law.³  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.⁴

The Court has attempted through its Orders to have Plaintiff provide it with the information necessary to prosecute his case. Plaintiff's failures to comply with the Clerk's June 11, 2020, Deficiency Notice and my July 17, 2020, Order, and to file a Notice of Change of Address, clearly reflect a failure on the part of Plaintiff to prosecute this lawsuit.

In a final effort to provide Plaintiff with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.  It is suggested to Plaintiff that any objection should contain a short summary of the reasons why he failed to comply with the Court's previous Deficiency Notice and Order.  Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of his lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's findings and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

---

³ *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
⁴ *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

3

unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[5]

### RECOMMENDATION

IT IS RECOMMENDED that, if Plaintiff Richard Erling Kelly does not timely file written objections to these Findings and Recommendation, his claims should be dismissed with prejudice for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this  4th  day of August, 2020.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[5] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009.  28 U.S.C. § 636(b)(1).